Barjrett, J.
Plaintiffs filed this action alleging that they were defrauded during the course of several transactions conducted with the defendants. The sole claim against the defendant ContiMortgage is made by Francis Giardulio and Karen Giardulio (“Giardullos”) regarding a loan made by ContiMortgage to the Giardullos. In Count IV, the Giardullos allege that ContiMortgage violated the Massachusetts Truth In Lending Act, G.L.c. 140D. ContiMortgage has moved for summary judgment on Count IV. For the reasons stated below, ContiMortgage’s motion for summary judgment is allowed.
BACKGROUND
In June 1992, the Giardullos executed a note in favor of ContiMortgage for $150,000. This note was secured by a mortgage on the Giardullos’ home. The mortgage application was filled out on the Giardullos’ behalf by brokers at Equity Mortgage Investment Corporation (“EMIC”) who listed the purpose of the loan as “buy(ing) investment properly.” The Giardullos, who had hired EMIC to help them obtain the loan from ContiMortgage, signed the mortgage application.
On the day of the closing, ContiMortgage provided the Giardullos with completed “Federal Truth In Lending Disclosure Statement” (“Disclosure Statement”) and “Itemization of Amount Financed” (“Itemization”) forms which the Giardullos signed. The Itemization listed a $6,000 payment being made on the Giardullos’ behalf to “Equity Mtg. Investment Corp." Conti-Mortgage instructed the closing agent to write a check payable to EMIC for $6,000. In addition, the Giardullos paid ContiMortgage a $3,000 prepaid finance charge out of the loan proceeds.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact in dispute and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further,] that the moving party is *303 entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). “A complete failure of proof concerning an essential element of the non-moving party’s case renders all other facts immaterial and mandates summary judgment in favor of the moving party.” Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991) (citing Celotex v. Catrett, 477 U.S. 317, 322 (1986)).
In Count IV of their complaint, the Giardullos allege that ContiMortgage failed to properly disclose pertinent information relating to its extension of credit as required by the Massachusetts Truth In Lending Act, G.L.c. 140D. ContiMortgage’s argument for summary judgment is twofold. First, ContiMortgage argues that the G.L.c. 140D does not apply to the disputed transaction since it is a business or commercial loan and, therefore, it falls outside the scope of this consumer protection law. In the alternative, ContiMortgage asserts that it is entitled to summary judgment since it accurately disclosed all information required by the Truth In Lending Act. As discussed below, ContiMortgage is entitled to summary judgment as a matter of law since it adequately complied with the Truth In Lending Act requirements. Therefore, it is unnecessary to determine whether they, in fact, had to comply with the Act.
The Giardullos argue that the disclosure of the $6,000 payment to EMIC in the Itemization was not adequate. Instead, they assert that the $6,000 payment was either an additional amount financed or a pre-paid finance charge which should have been included when calculating the information reported in the Disclosure Statement. Specifically, they argue that it should have been included in the annual percentage rate, finance charge, amount financed and total payments, as defined by G.L.c. 140D, §§4(a), 5 and 8(a). Since similar information is used to calculate all four figures, the determination of whether the finance change was correct also resolves the appropriateness of the other three figures.
The finance charge is “determined as the sum of all charges, payable directly or indirectly by the person to whom the credit is extended, and imposed directly or indirectly by the creditor as an incident to the extension of credit.” G.L.c. 140D, §4(a); 209 Code Mass. Regs. §32.04(a).[3] Therefore, whether the fee paid to EMIC should be included in the finance charge depends on whether it was imposed directly or indirectly by ContiMortgage.
One bankruptcy court has interpreted the identical federal provision to exclude brokerage fees when calculating finance charges. In Re Grigsby, 119 B.R. 479, 484-89 (Bkrtcy. E.D. Pa. 1990), vacated on other grounds, 127 B.R. 759 (E.D. Pa. 1991). Among other sources, the bankruptcy court cited the Federal Reserve Board’s Official Staff Commentary on Regulation Z Truth in Lending, 1226.4(a)3 (“FRB Commentaiy”), promulgated in 1984, which interpreted this language as not including brokerage fees so long as the creditor did not retain the money nor required use of broker, even where the creditor knew of the broker’s involvement or compensated the broker. Id. at 484.
The bankruptcy court specifically addressed the one opinion the Giardullos cite in support of their position, In re Security Industry Loan Ass'n, CCH Consumer Credit Guide, par. 98, 103 at 87,549 (Federal Trade Comm’n Final Order, Sept. 21, 1977). Seven years prior to the FRB Commentary, the Federal Reserve Board reached the opposite conclusion in In re Security Industry, that the lender was required to include the broker’s fee in the finance charge if the lender knew about it. Id. at 485.
These diametrically opposite opinions, both expressed by the Federal Reserve Board, are explained by an intervening amendment to the Federal Truth In Lending Act. In 1982, loan arrangers were specifically excluded by Congress from the definition of creditors. Id. at 486, citing Garn-St. Germain Depositoiy Institutions Act of 1982, Pub. L. No. 97-320, §702(a), 96 Stat. 1538 (amending Truth In Lending Act, § 103(f) codified at 15 U.S.C. §1602(0). In 1983, the Massachusetts Legislature similarly amended the definition of creditor in the Massachusetts Truth In Lending Act by deleting loan “arrangers.” St. 1983, c. 535, §2. Since brokers are not considered creditors, their fees are not “imposed” by a creditor and therefore, the fees are not included in the financing charge.
The $6,000 payment to EMIC was a brokerage fee due EMIC for services rendered to the Giardullos. There is no evidence that ContiMortgage required the Giardullos to hire EMIC, that EMIC was an agent of ContiMortgage, that ContiMortgage received any portion of the $6,000 payment or that ContiMortgage was aware of any representations made by EMIC to the Giardullos.
Since the $6,000 brokerage fee was properly excluded from the finance charge and other figures required by the Massachusetts Truth in Lending Act, summary judgment must be granted to the defendant ContiMortgage.
ORDER
It is therefore ORDERED that summary judgment enter for defendant ContiMortgage as to Count IV.

 This language is identical to the federal Truth in Lending Law, 15 U.S.C. §1605(a).